UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

DANIEL P. ARAGON                          )
600 Alcalde Place, Unit 5-C               )
Albuquerque, NM 87104                     )
                                          )
            Plaintiff,                    )
                                          )
      v.                                  )          Civil Action No. _____
                                          )
UNITED STATES OF AMERICA                  )
                                          )
and                                       )
                                          )
JOHN F.KERRY,                             )
in his official capacity                  )
as Secretary of State                     )
U.S. Department of State                  )
2201 C Street, N.W.                       )
Washington, D.C. 20520                    )
                                          )
            Defendants.                   )

**COMPLAINT FOR RELIEF FROM AGENCY ACTION**

**NATURE OF SUIT**

1.      This is a civil action under 5 U.S.C. §702 of the Administrative Procedure Act

requesting judicial review on the administrative record, of a final decision of the Foreign

Service Grievance Board (FSGB or Board) dated August 11, 2015.  The decision and its

findings and conclusions are arbitrary, capricious, an abuse of discretion, or otherwise not in

accordance with law and other standards under the Administrative Procedure Act (APA), 5

U.S.C. §706.

2.      Plaintiff Daniel P. Aragon is a former Foreign Service career candidate at the

U.S. Department of State who contested two performance appraisals (Employee Evaluation

Reports or EERs), and the consequential denial of tenure that resulted in his involuntary

separation on September 11, 2015.

3.     The FSGB denied Plaintiff's grievance.  Plaintiff seeks tenure and promotion,

reinstatement with back pay, and removal of the two EERs from his official personnel file,

inter alia.  He requests a declaratory judgment, mandamus, and injunctive relief for violations

of the Foreign Service Act of 1980 (the Act) as amended, 22 U.S.C. §3901 *et seq.*, the

Procedural Due Process Clause of the 5th Amendment of the U.S. Constitution, and the

Administrative Procedure Act (APA), 5 U.S.C. §701 *et seq.*

## JURISDICTION AND VENUE

4.     This Court has exclusive jurisdiction under the Foreign Service Act of 1980,

as amended, 22 U.S.C. §4140 that provides as follows:

> Any aggrieved party may obtain judicial review of a final action of the . . . Board on
> any grievance in the district court of the United States in accordance with the
> standards set forth in chapter 7 of title 5, United States Code [the Administrative
> Procedure Act] if the request  . . . is filed not later than 180 days after the final action
> of the . . . Board.  Section 706 of title 5 shall apply without limitation or exception.

The Court also has jurisdiction under 28 U.S.C. §1331, 1346 and 1361.  This review is based

on the official FSGB Record of Proceedings; no hearing was held and there is no right to a de

novo hearing.

5.     Venue lies in this district pursuant to 28 U.S.C.§1391(b).

6.     This action is timely, being filed within the 180-day statute of limitations

under 22 U.S.C. §4140.

## PARTIES

7.     Plaintiff Daniel P. Aragon is a former Foreign Service career candidate at the U.S. Department of State.  He was employed by the Department as a Generalist in the Public Diplomacy skill area from March 1, 2009 to September 11, 2015 and served at posts in Rio de Janeiro and Dubai.

8.     Defendant John F. Kerry is the Secretary of State and head of the U.S. Department of State (the Department), an executive agency of the Government of the United States within the meaning of 5 U.S.C. §701(b)(1).  He is sued in his official capacity.

## PRIOR PROCEEDINGS

9.     On April 22, 2014 Plaintiff initiated an agency-level grievance contesting two EERs for his performance in Dubai for the periods 8/16/12-5/1/13 and 5/16/13-11/1/13 (hereinafter the May 2013 and November 2013 EERs respectively).  The Department denied the grievance on August 28, 2014.

10.     On September 12, 2014 Plaintiff appealed the Department's decision to the FSGB.

11.     After discovery proceedings and briefings by the parties, and without a hearing, the FSGB denied the grievance on August 11, 2015.

## BACKGROUND

### The Foreign Service System

12.     Foreign Service officers (FSOs) have rank in person in ascending order from Class 6 to Class 1, with three Senior Foreign Service classes above.   FSOs are assigned to posts overseas and in the U.S., usually for a period of two years.

13.     FSOs are divided into Generalists and Specialists; the Generalist skill areas are Political, Consular, Economic, Administrative and Public Diplomacy.

14.     FSOs receive regular Employee Evaluation Reports (EERs) that are placed in an official personnel folder (OPF).  Each EER has a rater and a reviewer.

15.     Selection boards annually review FSOs for possible promotion, low ranking, or referral to a performance standards board that can designate them for separation based on performance below the class standard.

16.     Time-in-class (TIC) limits make FSOs subject to separation if they are not promoted within a specified number of years or be subject to separation; the TIC for Plaintiff in Class 4 is 10 years which will expire in 2019.

17.     FSO career candidates receive a limited appointment of five years in which to gain tenure.  Candidates are reviewed by a Commissioning and Tenure Board (CTB) based on the EERs in the OPF; the first review is after 36 months, the second after 48 months, and a third after six months if recommended by the CTB. (Department regulation 3 FAH-1 H-2245.3a(1)).

18.     The FSO Career Candidate Program is a program of "appropriate training, assignment, evaluation, counseling, and review intended to enable candidates for career status as Foreign Service Officers to demonstrate through on-the-job experience . . . whether they have the potential to serve successfully across the normal career span of an officer up to including FS-01." (Department regulation 3 FAM 2241.2).

**Plaintiff's Career Candidacy**

19.     Plaintiff's five-year career candidate limited appointment began March 1, 2009 in the Public Diplomacy Generalist skill area.  He was reviewed by the 2012 Summer

CTB, the 2013 Summer CTB and the 2013 Winter CTB without being recommended for tenure, triggering his separation.

20.     Plaintiff's first assignment was to a two-year consular position in the Consulate General in Rio de Janeiro, Brazil (July 2009-June 2011).

21.     In preparation for assignment to Dubai in the United Arab Emirates, Plaintiff was then trained for 44 weeks in Arabic language whereas 88 weeks is the normal length of training.

22.     Plaintiff's second assignment was as a Public Affairs Officer at the U.S. Consulate General in Dubai (May 2012-April 2014).  Although he was a Class 4 career candidate, this was a tenured officer Class 3 position.

23      For the Dubai assignment Plaintiff received three EERs:  May 2013, November 2013 and April 2014.  In his grievance he contested the May 2013 and November 2013 EERs on the basis that they were biased and falsely prejudicial.

24.     The Dubai assignment was Plaintiff's first supervisory position; he oversaw two Locally-Employed Staff members (LES), one of whom was Fayrouz Zghoul.

25.     Plaintiff's supervisor and rater for his Dubai EERs, Consul General Robert Waller, agreed with the post Management Officer, that Ms. Zghoul "felt unaccountable to anyone."

26.     In the grieved May 2013 and November 2013 EERs the rater expressly did not recommend tenure and criticized Plaintiff primarily for his supervision of Ms. Zghoul.  The 2013 Summer CTB quoted one of these criticisms in the May 2013 EER as the basis for not recommending tenure.

**Plaintiff's Grievance**

27.    Plaintiff filed his grievance under the procedure set forth in the Foreign

Service Act §1101 (22 U.S.C. §4131) that provides as follows:

> [T]he term "grievance" means any act, omission, or condition subject to the control of
> the Secretary which is alleged to deprive a member of the Service . . . of a right or
> benefit authorized by law or regulation or which is otherwise a source of concern or
> dissatisfaction to the member including --
> . . . .
>      (A)  separation of the member allegedly contrary to law or regulations, or
>    predicated upon alleged inaccuracy, omission, error, or falsely prejudicial
>    character of information in any part of the official personnel record of the
>    member;
>      (B)  other alleged violation, misinterpretation, or misapplication of
>    applicable laws, regulations, or published policy affecting the terms and
>    conditions of the employment or career status of the member;
> . . . .
>      (E)  alleged inaccuracy, omission, error, or falsely prejudicial character of
>    information in the official personnel record . . . .

28.    Plaintiff contested the May 2013 and November 2013 Dubai EERs as being

falsely prejudicial, inaccurate, flawed by omissions, and in violation of applicable laws,

regulations, and published policy.  He asserted they affected his employment and career

status by resulting in the denial of tenure and compelling his separation.

## COUNT I:  THE MAY 2013 EER

29.    Paragraphs 1 through 28 are incorporated by reference.

30.    The FSGB erred in not holding the May 2013 EER invalid on the basis that

the rater's criticisms of Plaintiff's supervision of Ms. Zghoul omitted the mitigating

circumstance that Ms. Zghoul was unusually difficult to supervise.

31.    The FSGB did not consider the convincing evidence from several witnesses

including the rater, of Ms. Zghoul's insubordination and willfulness, nor its own case law

holding that the failure to include mitigating circumstances can render a criticism falsely prejudicial.

32.     The FSGB failed to rule on the issue of mitigating circumstances, and made a tangential finding instead, that it was not unreasonable to have Plaintiff supervise Ms. Zghoul.

33.     In holding that the May 2013 EER is valid and that the 2013 CTB reviews were not flawed, the FSGB erred because the EER could not provide a "just and equitable basis" for the denial of tenure as mandated by 3 FAM 2811.2, stating the objectives of the personnel evaluation system.

## COUNT II:  THE NOVEMBER 2013 EER

34.     Paragraphs 1 through 33 are incorporated by reference.

35.     The FSGB erred in not holding the November 2013 EER invalid on the basis that the rater's criticisms of Plaintiff's supervision of Ms. Zghoul omitted the mitigating circumstance that Ms. Zghoul was unusually difficult to supervise.

36.     The FSGB did not consider the convincing evidence of Ms. Zghoul's insubordination and willfulness, nor its own case law holding that the failure to include mitigating circumstances can render a criticism falsely prejudicial.

37.     The FSGB erred in finding that the rater's recommendation against tenure on the basis of Plaintiff's alleged mismanagement of Ms. Zghoul is supported by examples; in fact, the only example is highly laudatory.

38.     The FSGB erred in not finding that the criticism in the Areas for Improvement section of the EER is falsely prejudicial and not supported by an example as required by the EER form.

39.     In holding that the November 2013 EER is valid and that the 2013 CTB reviews were valid the FSGB erred because the EER could not provide a "just and equitable basis" for the denial of tenure as mandated by 3 FAM 2811.2, stating the objectives of the personnel evaluation system.

## COUNT III:  UNJUST CIRCUMSTANCES

40.     Paragraphs 1 through 39 are incorporated by reference.

41.     The FSGB failed to give weight to the unjust circumstances of the Dubai assignment: Plaintiff had two bosses with conflicting agendas, he was not provided adequate language training; and the position required a more experienced officer.

## CLAIMS

### Count I

42.     The FSGB's failure to hold that the May 2013 EER is invalid, and the failure to order rescission of the CTB reviews and the separation, constitute actions that are arbitrary, capricious, an abuse of discretion, not in accordance with law and short of statutory right under the APA, 5 U.S.C. §706, as well as a violation of Plaintiff's 5th Amendment Procedural Due Process rights under the U.S. Constitution.

### Count II

43.     The FSGB's failure to hold that the November 2013 EER is invalid, and the failure to order rescission of the CTB reviews and the separation, constitute actions that are arbitrary, capricious, an abuse of discretion, not in accordance with law and short of statutory right under the APA, 5 U.S.C. §706, as well as a violation of Plaintiff's 5th Amendment Procedural Due Process rights under the U.S. Constitution.

**Count III**

44.     The FSGB's failure to give weight to the unjust circumstances of Plaintiff's Dubai assignment and to hold that the consequential EERs cannot form a "just and equitable basis" for the tenure decision constitutes an action that is arbitrary, capricious, an abuse of discretion and not in accordance with law under the APA, 5 U.S.C. §706, as well as a violation of Plaintiff's 5th Amendment Procedural Due Process rights under the U.S. Constitution.

**RELIEF**

WHEREFORE, Plaintiff respectfully requests that the Court:

1.     Reverse the FSGB decision and enter a judgment declaring that the acts and denial of remedies complained of herein are in violation of the APA, 5 U.S.C. Chapter 7, the Foreign Service Act as amended (22 U.S.C. §3901 *et seq.*), 22 C.F.R. Chapter IX and other regulations and agreements implementing the Act, and the Due Process Clause of the 5th Amendment of the U.S. Constitution.

2.     Permanently enjoin Defendants from denying Plaintiff his rightful remedies.

3.     Order Defendants to remove the May 2013 and November 2013 EERs from Plaintiff's OPF; to rescind the 2013 Summer CTB and the 2014 Winter CTB actions; to rescind the involuntary separation; and to expunge from all Department personnel files, all records and mentions of these actions.

4.     Order Defendants to retroactively reinstate Plaintiff with all back pay, to include Washington D.C. locality pay and all benefits including but not limited to accrued sick and annual leave, pension and TSP benefits.

5.      Order Defendants to tenure Plaintiff retroactive to the same date as those tenured by recommendation of the 2013 Winter CTB and to grant promotion to Class 3 with back pay as of the date a majority of tenure classmates were promoted.

6.      Order Defendants to grant Plaintiff an extension of time-in-class commensurate with the time elapsed since the beginning of the Dubai assignment August 16, 2012, and to grant a period of immunity from low rankings, referrals to performance standards boards and selection-out designations after reinstatement, to extend two years beyond the date of his placement in a regular assignment.

7.      Order Defendants to pay all Plaintiff's attorney's fees and costs.

8.      Grant Plaintiff such additional relief as the Court may deem just and proper.

After receipt of the Answer, Plaintiff intends to file a Motion for Summary Judgment under Local Civil Rule 7(h) in compliance with any briefing schedule.

Respectfully submitted,

/s/ Bridget R. Mugane_____

BRIDGET R. MUGANE, P.C.
Attorney for Plaintiff

9250 Red Cart Ct.
Columbia, MD 21045
D.C. Bar #272583

301-596-0175
fsatty@comcast.net